| | |
|---|---|
| KURTYCE COLE,<br>　　　Plaintiff,<br><br>v.<br><br>SAKS, INC., SAKS & COMPANY, INC.,<br>and SAKS FIFTH AVENUE, INC.,<br>　　　Defendants. | ORDER |

This matter is before the court upon several motions filed by the parties. These matters are now ripe for disposition.

## I. BACKGROUND

This case arises out of Plaintiff Kurtyce Cole's termination from employment with Defendants Saks, Inc., Saks & Company, Inc., and Saks Fifth Avenue, Inc. ("Defendants"). Plaintiff filed a complaint in this court on June 8, 2006, asserting the following claims: (1) violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, ["Title VII"]; (2) violation of 42 U.S.C. § 1981; (3) wrongful discharge; and (4) negligent retention/supervision. Defendants filed an Answer and Counterclaim on July 17, 2006. On September 15, 2006, Plaintiff's counsel moved to withdraw, stating that "undersigned counsel believes she can no longer effectively represent Plaintiff within the bounds of her ethical obligations as an attorney and officer of the Court." Mot. to Withdraw [DE-16] ¶ 4. Plaintiff has since proceeded *pro se*.

## A. Initial Discovery Requests

Defendants served Plaintiff with Defendants' First Set of Interrogatories and First Set of Production of Documents on September 8, 2006. *See* Mem. in Support of Mot. to Dismiss [DE-54], Exs. A, B. Plaintiff responded on October 9, 2006. Plaintiff's responses did not provide information or documents, but simply stated that Defendants' discovery requests were "not applicable to Plaintiff, Kurtyce Cole." *Id.*, Exs. C, D.

Defendants attempted to confer with Plaintiff on this matter, but the parties failed to resolve the dispute. Plaintiff refused to respond until Defendants "corrected" the discovery requests. *Id.*, Ex. E. Specifically, Plaintiff maintained that he was not required to respond because the discovery requests contained a typographical error and referred to Plaintiff as "her." *See* November 30, 2006 Order [DE-30]. Plaintiff made this contention in the face of the "General Definitions" section of the First Set of Interrogatories, which explicitly states: "A masculine, feminine or neuter pronoun shall include all other genders." *See* Mem. in Support of Mot. to Dismiss [DE-54], Ex. A.

On November 2, 2006, Defendants filed a Motion to Compel [DE-26] Plaintiff's responses. United States Magistrate Judge William A. Webb granted the motion to compel on November 30, 2006. In the order, Judge Webb stated that the discovery requests were "reasonably calculated to lead to the discovery of admissible evidence," and that Plaintiff had "failed to timely interpose any reasonable objection." *See* November 30, 2006 Order [DE-30] at unnumbered p. 3. Judge Webb ordered Plaintiff to "respond to Defendants' discovery requests no later than December 15, 2006." *Id.* at unnumbered p. 4. Judge Webb declined to sanction

2

Plaintiff, but explicitly warned that "any further failure to cooperate in the discovery process could result in the imposition of sanctions, including the dismissal of his complaint." *Id.*

On December 11, 2006, Plaintiff filed his own Motion to Compel [DE-32][1] and a Motion to Set Aside [DE-33] the court's November 30, 2006, Order. Additionally, on December 15, 2006, Plaintiff filed his response to Defendants' discovery requests. *See* Notice [DE-34]. Plaintiff's Motion to Compel and Motion to Set Aside were both denied by Judge Webb in an order filed on January 5, 2007. *See* Jan. 5, 2007 Order [DE-44]. With regard to Plaintiff's Motion to Set Aside, Judge Webb noted that "several of Plaintiff's filings have been frivolous," and "[a]lthough Plaintiff will not be sanctioned at this time, any future filings by Plaintiff will be highly scrutinized and sanctions will be imposed if they are frivolous." January 5, 2007 Order [DE-44] at unnumbered p. 2.

Defendants subsequently filed their first Motion to Dismiss [DE-53] on January 19, 2007, arguing that in Plaintiff's December 15, 2006, response to discovery requests, Plaintiff "fail[ed] to produce any documents or provide substantive responses to Defendants' interrogatories." Mem. in Support of Mot. to Dismiss [DE-54] at p. 3. Specifically, Defendants noted that "[t]he only information provided by Plaintiff was his statement that he had not visited a physician since the beginning of his employment with Defendants." *Id.* at p. 2 n.1. Alternatively, Defendants moved for an order compelling Plaintiff to sufficiently respond to the discovery requests.

---

[1] Plaintiff moved the court for an order to compel Defendants' to comply with a subpoena issued. On December 28, 2007, Plaintiff filed a Notice with the court informing the court that Defendants had complied with the subpoena. *See* Notice to the Court of Other Party Compliance with Motion to Compel [DE-42].

3

On January 29, 2007, Plaintiff filed a Motion to Strike [DE-67] Defendants' Motion to Dismiss on the grounds that Defendants failed to participate in depositions or provide complete and adequate discovery requests. Thereafter, Defendants filed a combined response to Plaintiff's Motion to Strike and a reply to Plaintiff's response to Defendants' Motion to Dismiss. Despite Plaintiff's filing of unsworn and unverified supplemental discovery responses, Defendants maintained that "Plaintiff . . . still has not produced a single document and has refused to answer fully Defendants' discovery requests based on objections that are both frivolous and long-since waived." Combined Response [DE-74] at p. 2.

**C. Depositions**

Defendants initially noticed Plaintiff's deposition for December 20, 2006. Defendants wrote to Plaintiff on December 12, 2006, however, explaining that they were postponing his deposition due to uncertainty as to Plaintiff's address and noticed Plaintiff's deposition for January 25, 2007. On December 18, 2006, Plaintiff noticed nine depositions to occur during January 22-24, 2007 in Raleigh, North Carolina.

During a January 4, 2007 phone conference, Plaintiff explained to defense counsel that he would not be available for his January 25, 2007 deposition because he would be in Texas for a memorial service. Based on Plaintiff's representation, Defendants proposed an alternative date for Plaintiff's deposition, on the condition that he withdraw his notices and agree to different dates for the depositions he wished to conduct. Plaintiff apparently initially refused to withdraw the notices.

Thereafter, on January 10, 2007, Defendants filed a Motion for Protective Order [DE-46] with respect to the depositions scheduled for January 22, 23 and 24. On January 11, 2007,

4

Plaintiff filed a document [DE-48] entitled, "Motion to Withdraw Notice to the Court of Plaintiff/Defendants Deposition Plans," apparently in an effort to express his desire to withdraw his notices. That same day, however, eight subpoenas were delivered to the offices of Defense counsel. The following day, Plaintiff emailed eight amended notices of depositions to counsel for Defendants, purporting to require telephonic depositions of defense witnesses during January 22-24, 2007. Defendants attempted to confer with Plaintiff about the notices, then filed a second Motion for Protective Order [DE-49] on January 16, 2007.

Judge Webb interpreted Plaintiff's Motion to Withdraw Notice" [DE-48] as a consent to Defendants' first Motion for Protective Order, and allowed the motion on January 17, 2007. *See* January 17, 2007 Order [DE-52]. On January 22, 2007, Judge Webb allowed the second Motion for Protective Order, but denied Defendants' request that Plaintiff be sanctioned. *See* January 22, Order [DE-56]. Judge Webb did, however, order Plaintiff "to consult the Federal Rules of Civil Procedure and the Local Civil Rules of this Court," and explicitly warned that "[a]ny further discovery requests or related matters submitted by Plaintiff which do not strictly comply with the requirements of those rules shall be sanctioned." *Id.*

That same day, Plaintiff filed a Motion for Recusal of Judge Webb, asserting, among other things, that Judge Webb had shown partiality toward Plaintiff's former counsel and defense counsel; that Judge Webb's wife, the Honorable Allyson K. Duncan, "is in line to be involved with this case on appeal as she sits on the United States Court of Appeals for the Fourth Circuit;"and that both Judge Webb and Judge Duncan "benefited[sic] from and are associated with" defense counsel." Mem. in Support of Mot. for Recusal [DE-59] at p. 1. The baseless and

5

unsubstantiated motion was denied by Judge Webb on January 26, 2007. *See* January 26, 2007 Order [DE-66].

Meanwhile, on January 24, 2007, Plaintiff filed a Motion for a Protective Order [DE-60] "preventing Defendants from deposing Plaintiff." Plaintiff asserted that he was unavailable for his deposition, which was scheduled for January 25, 2007, and that he need not be deposed because it would be "burdensome and unnecessary as his claim of racial harassment and discrimination by Defendants is supported by sworn witness affidavits." *Id.* Interestingly, the motion was filed on January 24, 2007. Defendants contend that Plaintiff previously told him he was not available prior to January 25, 2007, because he would be in Texas for a memorial service. *See, e.g.,* Combined Response [DE-64], Ex. B, January 5, 2007, Letter from David Lindsay to Kurtyce Cole ("I asked you if you would be available earlier that week, and you indicated that you would be in Texas for a memorial service. I noted that your trip to Texas conflicted with the dates of the Raleigh depositions you had noticed, i.e., January 22-24, and asked whether you intended to withdraw those Notices."); Ex. C, Aff. of David C. Lindsay ¶ 4 ("When I reminded Mr. Cole that his deposition had been noticed for January 25, 2007, in Raleigh, North Carolina, Mr. Cole stated that he would not be available that day. I asked Mr. Cole if he would be available earlier that week, and Mr. Cole stated that he would be in Texas that week for a memorial service."); Ex. D, Aff. of Robert G. Hensley (averring that he participated in the teleconference with Mr. Lindsay and Mr. Cole and that Mr. Cole stated that he would be in Texas for a memorial service).

Thereafter, on January 25, 2007, Defendants filed a second Motion to Dismiss [DE-63], arguing that "Plaintiff has misled Defendants and this Court regarding his availability for

6

deposition and otherwise obstructed the discovery process." Defendants contended that dismissal of this action was appropriate because Plaintiff requested rescheduling of his own January 25, 2007 deposition, but attempted to go forward with the purported telephonic depositions of several individuals on January 22, 23 and 24.

In an order filed on February 15, 2007, Judge Webb observed that Plaintiff's Motion for a Protective Order [DE-60] "clearly frivolous" and denied it. Judge Webb also observed:

> [T]he instant motion is only one of a number of frivolous filings that Plaintiff has submitted. The Court has repeatedly admonished Plaintiff that he has an obligation to participate in the discovery process and abide by the rules of this Court. For example, Plaintiff has been warned that he faces sanctions, including the dismissal of his lawsuit, should he: 1) fail to cooperate in the discovery process [DE-30]; 2) submit further frivolous filings [DE-44]; or fail to strictly comply with the Federal or Local Rules of Civil Procedure [DE-56]. In a January 22, 2007 Order, the undersigned ordered Plaintiff to consult the Federal Rules of Civil Procedure and the Local Civil Rules of this Court [DE-56]. The undersigned further stated that "[a]ny further discovery requests or related matters submitted by Plaintiff which do not strictly comply with the requirements of [the Federal Rules of Civil Procedure and the Local Civil Rules of this Court] shall be sanctioned." *Id.* at 2. Accordingly, Plaintiff is HEREBY ORDERED TO SHOW CAUSE why: 1) he should not have to pay the Defendants' costs in responding to the instant motion; and 2) his Complaint should not be dismissed for his repeated failures to abide by the rulings of this Court. Plaintiff shall respond accordingly no later than March 2, 2007.

February 15, 2007 Order [DE-79] at unnumbered pp. 3-4. It does not appear that Plaintiff filed a Response to Judge Webb's order.

### D. June 22, 2007 Orders

On June 22, 2007, a series of orders were filed. In the first order, the undersigned denied Defendant's Motions to Dismiss [DE-53 & DE-54] and Plaintiff's Motion to Strike [DE-67]. *See* June 22, 2007 Order Denying Motions to Dismiss at p. 5 [DE-83]. In so doing, the court noted that Plaintiff had responded to Defendants' request for discovery, and thus, the court could

7

not conclude that Plaintiff's actions constituted "bad faith and callous disregard for judicial authority." *Id.* The court did, however, allow Defendant's alternative motion to compel [DE-53], but noted that because of "the numerous filings in this action, it is not clear which discovery requests remain unanswered." *Id.* at p. 5. Consequently, the court ordered Defendants "to submit revised interrogatories and requests for production of documents containing only those discovery requests that remain unanswered by Plaintiff," and to serve the revised discovery requests upon Plaintiff on or before July 6, 2007. *Id.* In turn, Plaintiff was ordered to respond to Defendants' discovery requests no later than July 20, 2007, and was explicitly warned: "**Plaintiff's failure to fully and completely respond to discovery requests by July 20, 2007 may result in sanctions, including Defendants' costs and attorney's fees and dismissal of this action with prejudice.**" *Id.* (emphasis in original). The order did not address Defendants' request for sanctions against the Plaintiff, nor did it address Judge Webb's show cause order.

In a separate order, the court denied a Motion for Summary Judgment [DE-71] filed by Plaintiff, and allowed Defendants' Motion to Reject Plaintiff's motion for summary judgment pursuant to Rule 56(f)[DE-76]. *See* June 22, 2007 Order Denying Motion for Summary Judgment [DE-86] at p. 2. In so ruling, the court noted that "Defendants have submitted an affidavit indicating that Plaintiff has not been deposed and, according to Defendants, has not fully and completely responded to discovery requests." *Id.* Additionally, the court noted Defendants' concern regarding the lack of any sworn testimony from Plaintiff, and their inability to discern what Plaintiff contends is a fact under oath. *Id.* Consequently, the court found that "discovery and development of the record will assist the court in resolving a summary judgment

8

motion filed at the conclusion of discovery," and informed Plaintiff he could renew his motion at the conclusion of discovery. *Id.*

**E. Most Recent Motions and Filings**

On October 2, 2007, the Clerk of Court submitted a flurry of motions filed by the parties. The first motion, filed on July 10, 2007 by Defendants, seeks a clarification regarding the status of Judge Webb's February 15, 2007 Order to Show Cause. Mot. for Clarification [DE-87]. Also submitted to the undersigned was Plaintiff's "Revised Motion for Summary Judgment" [DE-92], as well as Defendant's "Motion to Reject Plaintiff's Revised Motion for Summary Judgment, or to Allow Further Discovery Before Ruling, and for an Award of Costs" [DE-97] and "Motion for Sanctions and/or Third Motion to Compel" [DE-95]. Finally, Defendants' third Motion to Dismiss [DE-99], filed on August 28, 2007, has been submitted to the undersigned. All motions are now ripe for ruling.

## II. ANALYSIS

**A. Motion for Clarification**

On July 10, 2007, Defendants filed a motion seeking a clarification regarding the status of Judge Webb's February 15, 2007 Order to Show Cause. Mot. for Clarification [DE-87]. Specifically, Defendants note the existence of Judge Webb's February 15, 2007 Order, wherein he ordered Plaintiff to show cause why: "(1) he should have not have to pay Defendants' costs in responding to the [frivolous Motion for Protective Order]; and (2) his complaint should not be dismissed for his repeated failures to abide by the rulings of this Court." *Id.* at p. 2 (quoting February 15, 2007 Order). Defendants direct the court's attention to the fact that Judge Webb ordered Plaintiff to respond to the show cause order by March 2, 2007, and that Plaintiff has not

9

filed any response. Defendants also note that the court did not address the existence of Judge Webb's order, or Plaintiff's lack of response thereto, in the various June 22, 2007 orders. Defendants submit that if Judge Webb's order retains legal effect, this action should be dismissed based on Plaintiff's failure to respond to it.

Normally, the court would not hesitate to dismiss an action when a party fails to respond to an order to show cause. Here, however, the court is concerned with regard to the mailing of the February 15, 2007, Order. The Clerk of Court for the Eastern District, pursuant to local policy, mails a hard copy of each Notice of Electronic Filing ("NEF") generated in the case to Plaintiff. According to the record in this case, on February 15, 2007, the Clerk of Court mailed to Plaintiff a copy of the NEF noting the Clerk's office referral of Plaintiff's motion for protective order to Judge Webb. The mailing, however, was returned to the Clerk's office on February 21, 2007, marked undeliverable as addressed. *See* Notice [DE-81]. That same day, the Clerk's office mailed a copy of Judge Webb's February 15, 2007 Order. It appears that the February 15, 2007, Order may have been mailed prior to the Clerk's office receipt of the returned mail. The Clerk's office later determined Plaintiff's new mailing address, and mailed him the February 15, 2007 NEF, as well as the NEF detailing the Clerk's office search for his current address. On February 26, 2007, in response to the Clerk's office mailing regarding his new address, Plaintiff filed a second Notice[2] informing the Clerk's office of his new address. *See* Notice to the Court of Plaintiff's Filed Notice of Different Address [DE-82].

---

[2] Plaintiff had previously filed a "Notice to the Court of Plaintiff's Different Address" [DE-40], wherein he notified the court of his most recent mailing address.

The Clerk's mailing of the February 15, 2007, Order was not returned as undeliverable, and therefore the court must assume that it was in fact delivered. Given the irregularity detailed above, and the Plaintiff's penchant for filing numerous notices and motions with the court, even those notices that are not envisioned by the Local Rules of this court, the court is uncomfortable with the notion that Plaintiff chose to totally ignore an order of this court. Consequently, <u>out of an abundance of caution</u>, the Clerk of Court is DIRECTED to mail the February 15, 2007, Order [DE-79] to Plaintiff. In accordance with Judge Webb's February 15, 2007, Order, Plaintiff is ORDERED to show cause, if any there be, why: 1) he should not have to pay the Defendants' costs in responding to the instant motion; and 2) his Complaint should not be dismissed for his repeated failures to abide by the rulings of this Court. **Plaintiff shall file his response on or before October 29, 2007. The failure to respond will result in the dismissal of this action.**

### B. Motion for Sanctions/Motion to Compel

Next, the court will address Defendants' Motion for Sanctions And/Or Third Motion to Compel [DE-95]. Defendants contend that despite this court's June 22, 2007, Order, wherein Plaintiff was ordered to respond fully and completely to Defendants' discovery requests, Plaintiff failed to do so. Specifically, Defendants cite Plaintiff's answer to Interrogatory No. 4, which asked Plaintiff to:

> Describe in detail any work, employment or independent contractor duties including self-employment or consulting, paid or volunteer, religious or non-religious, that you have engaged in during the past five years and through the **present** and identify with respect to each such work the person you worked for, dates you worked, number of hours you worked, your position/title and duties, the reason for your termination, and the amount of compensation as a result of such work.

Mem. in Support of Mot. for Sanctions [DE-96], Ex. K. In response, Plaintiff answered:

11

> Objection. Plaintiff's current work details are confidential, due to the fact that detailing them could jeopardize his current employment. Defendants have (as the record shows) had operatives question Plaintiff's neighbors and friends at his place of residence and elsewhere, which has had an adverse affect[sic] and tainted his relationships with his neighbors and friends. Defendants have destroyed Plaintiff's career and employment once. Plaintiff cannot risk the same happening with his current employment. Therefore, Plaintiff's current work remains confidential.
>
> During the past two years however, subsequent to Plaintiff's employment with Defendants, Plaintiff has been searching for employment comparable to his employment with Defendants. This includes searches done as a requirement by the NCESC (North Carolina Unemployment[sic] Security Commission). The stain of being racially harrased, discriminated and retaliated against and wrongfully terminated by Defendants has made it impossible for Plaintiff to find comparable work in the fashion industry. Plaintiff's employment history prior to his employment with Defendants is detailed in the mandatory resume and application for employment that Plaintiff submitted to Defendants prior to employment, which is in Defendant's[sic] possession.

Mem. in Support of Mot. for Sanctions [DE-96], Ex. M.

Moreover, Defendants are concerned with regard to Plaintiff's answers to their interrogatories requesting information regarding medical/health care, including psychiatric care and counseling, that Plaintiff has received in the past ten years. In response to those interrogatories, Plaintiff stated that he "has no such information." *Id.*

Despite seemingly suggesting that he is currently employed, by stating that he would not reveal information of his "current work" because "detailing them could jeopardize his current employment," Plaintiff produced no documents relating to his current earnings in response to Defendants' Request for Production of Documents." Specifically, Defendants' Request No. 12 sought:

> All documents that relate to any income, compensation, or benefits that you have received from July 2004 through the present, including but not limited to copies of paychecks, paycheck stubs, deposit slips and statements, W-2 statements, state and federal tax filings or work related contracts.

12

Mem. in Support of Mot. for Sanctions [DE-96], Ex. L. Plaintiff responded by stating "Plaintiff has no such documents." Mem. in Support of Mot. for Sanctions [DE-96], Ex. N. Plaintiff also asserted that he had no documents relating to his medical records or his attempts to secure employment. *Id.*

Defendants wrote a letter attempting to confer with Plaintiff regarding his discovery responses. Mem. in Support of Mot. for Sanctions [DE-96], Ex. O. Plaintiff replied in a letter dated July 26, 2007, and sent a copy directly to the undersigned.[3] In the letter sent to the undersigned, Plaintiff maintains that "his current work details are within a constitutionally protected zone of privacy" and are not "even indirectly relevant to this action." He also reiterates that he has not "seen a doctor for any reason for many, many years." Finally, Plaintiff maintains that he does not have any of the requested documents in his possession, and that he does "not have the ability" to procure the requested documents.

The court is cognizant of Plaintiff's *pro se* status, and Plaintiff's relative unfamiliarity with employment discrimination jurisprudence. Regardless, Plaintiff's current employment, his current earnings, and his job search efforts are all directly relevant to the issue of damages in an employment discrimination action. Moreover, the court is not aware of any constitutional "privilege" that enables Plaintiff to refuse to divulge information regarding his current employment. Therefore, the Motion to Compel [DE-95] is ALLOWED in part and Plaintiff is ORDERED to serve upon Defendants[4], **on or before October 29, 2007**, a full and complete

---

[3] The Clerk of Court is DIRECTED to file and docket Plaintiff's July 26, 2007, letter.

[4] Plaintiff need not file his discovery responses with the court.

13

answer to Defendants' Interrogatory No. 4. Additionally, Plaintiff must answer Defendants' Interrogatory Nos. 7 and 8 directly.[5]

Moreover, Plaintiff is ORDERED to produce documents in response to Defendants' Request for Production No. 12 **on or before October 29, 2007**. As the court has noted, what Plaintiff currently earns is directly relevant to the issue of damages in this action. With regard to Request for Production No. 18, the court is not surprised that Plaintiff does not have documentation of his current job search efforts. In lieu of producing documents in response to Request No. 18, Plaintiff is ORDERED to list for Defendants, **on or before October 29, 2007**, each job for which he has applied since his termination from Defendants. Specifically, for each position for which he has applied Plaintiff should list: 1) the job title of the position; 2) the name of business with which he applied, and 3) the approximate date he submitted his application.

Additionally, the court finds that sanctions in the form of attorney's fees are appropriate. *See*. Fed. R. Civ. P. 37(b)(2)("In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order . . . to pay reasonable expenses, including attorney's fees, including the failure . . . .). Therefore, Plaintiff is ORDERED to pay Defendants' costs and expenses, including reasonable attorney's fees, incurred in preparing the Motion for Sanctions/Motion to Compel [DE-95]. Accordingly, Defendants are directed to file, **on or before October 29, 2007**, an affidavit setting forth the fees and expenses incurred in preparing the Motion for Sanctions/Motion to Compel [DE-95]. Additionally, Defendants <u>should</u>

---

[5] Plaintiff contends in his July 26, 2007 letter, that he has not seen a doctor in "many, many years." Defendants interrogatories reference the past ten years. If Plaintiff has in fact not sought *any* medical care or treatment within the past ten years, Plaintiff should so state in his answer to Defendants Interrogatory Nos. 7 and 8.

<u>demonstrate why such a fee is reasonable for the time and labor expended, the customary fee for like work, and the experience and ability of the attorney(s) rendering such services.</u> Plaintiff may file a response, if he so chooses, addressing only the reasonableness of requested fees and expenses within ten (10) days after Defendants file the affidavit.

## C. Motions regarding Summary Judgment and Depositions

This litigation appears to have derailed over the subject of the timeliness of motions for summary judgment and depositions. On the same day that he filed his responses to Defendant's discovery requests, Plaintiff filed a "Revised Motion for Summary Judgment" [DE-92]. The memorandum in support of the Revised Motion for Summary Judgment is virtually identical to the memorandum submitted in support of the original Motion for Summary Judgment. *Compare* Mem. in Support of Pl.'s Revised Mot. for Summ. J. [DE-93] *with* Mem. in Support of Pl.'s Mot. for Summ. J. [DE-72]. The most notable difference is that Plaintiff includes citations to his own affidavit when recounting the "undisputed facts."[6]

Defendants responded to Plaintiff's latest motion for summary judgment on August 8, 2007, by filing a "Motion to Reject Plaintiff's Revised Motion for Summary Judgment, or to

---

[6] Plaintiff's notarized affidavit includes, in total, the following:

I, Kurtyce Cole, being duly sworn, depose and state the following:

1. I was racially harassed, discriminated and retaliated against, and wrongfully terminated by Defendants.
2. I filed a claim against Defendants for racial harassment, discrimination, retaliation and wrongful termination, on June 8, 2006.
3. I have submitted to the Court evidence (sworn witness statements/affidavits and other documentation) that support and corroborate my claim.

Mem. in Support of Revised Mot. for Summ. J. [DE-93], Ex. V.

15

Allow Further Discovery Before Ruling, and for an Award of Costs" [DE-97]. In support of their motion, Defendants recount their recurring frustrations with Plaintiff regarding discovery, including his latest refusal to fully and completely answer discovery requests. Defendants reiterate their need for both complete discovery responses and to depose Plaintiff in order to adequately respond to Plaintiff's Revised Motion for Summary Judgment.

The parties' dispute over depositions lead to Defendants' third Motion to Dismiss [DE-99]. Defendants contend that they scheduled a deposition of Plaintiff on August 23, 2007, which they contend was in accordance with this court's June 22, 2007, Order denying Plaintiff's Motion for Summary Judgment. As noted above, in that order the court detailed Defendants' need to depose Plaintiff, as well as Defendants' need for complete discovery answers, and concluded that "discovery and development of the record will assist the court in resolving a summary judgment motion filed at the conclusion of discovery." June 22, 2007 Order Denying Motion for Summary Judgment [DE-86] at p. 2. Defendants contend that Plaintiff was served with the Second Amended Notice of his Deposition on August 1, 2007. Mem. in Support of Third Mot. to Dismiss [DE-100], Ex. A. The deposition itself was scheduled for August 23, 2007. *Id.* Defendants state that Plaintiff did not appear for his deposition. Mem. in Support of Third Mot. to Dismiss [DE-100], Ex. B.

Plaintiff, for his part, maintains that he has not received any notices of deposition or copies of Defendants' motions subsequent to June 22, 2007. He also maintains that because the original Scheduling Order mandated that all discovery be concluded by March 30, 2007, Defendants forfeited their opportunity to depose him.

16

The court perceives that this latest round of frustration could have been avoided with more precise language in the various June 22, 2007, orders. It is apparent that all parties involved have different interpretations of the import of the orders, and their effect on the current status of this litigation. Plaintiff notes that the court's orders did not explicitly provide for his deposition or otherwise extend the time period for discovery, except for Defendant's revised Interrogatories and Request for Productions. Defendants, understandably, feel that the permission to depose Plaintiff was implied.

In an effort to get the litigation back on track, the court DENIES Plaintiff's "Revised Motion for Summary Judgment"[DE-92] without prejudice; ALLOWS, in part, Defendants' Motion to Reject [DE-97], and DENIES Defendants' Motion to Dismiss [DE-99]. In so doing, the court notes the confusion generated by the June 22, 2007, Orders, and that because of such confusion, the court cannot conclude that Plaintiff acted in callous disregard of the court's orders in such a manner which would make dismissal a reasonable sanction.

Accordingly, the court hereby ORDERS that Defendants may depose Plaintiff. Defendants may schedule and notice a deposition of Plaintiff to take place on or before **November 15, 2007**. The Scheduling Order filed on September 6, 2006, is hereby AMENDED to reflect that the parties may file dispositive motions on or before **December 17, 2007**, and that Defendants may depose Plaintiff on or before **November 15, 2007**. Should either party wish to engage in further discovery, the party must seek leave of this court to do so. The trial in this matter, currently scheduled for the undersigned's November 13, 2007, term of court, hereby is CONTINUED until the term of court commencing on **March 3, 2008**. The Clerk of Court is DIRECTED to reschedule the pretrial conference accordingly.

## III. CONCLUSION

1. Defendants' Motion for Clarification [DE-87] is ALLOWED in part. <u>Out of an abundance of caution</u>, the Clerk of Court is DIRECTED to mail the February 15, 2007, Order [DE-79] to Plaintiff. In accordance with Judge Webb's February 15, 2007, Order, Plaintiff is ORDERED to show cause, if any there be, why: 1) he should not have to pay the Defendants' costs in responding to the instant motion; and 2) his Complaint should not be dismissed for his repeated failures to abide by the rulings of this Court. **Plaintiff shall file his response on or before October 29, 2007. The failure to respond will result in the dismissal of this action.**

2. Defendants' Motion to Compel/Motion for Sanctions [DE-95] is ALLOWED in part. Plaintiff is ORDERED to serve upon Defendants, **on or before October 29, 2007**, a full and complete answer to Defendants' Interrogatory No. 4. Additionally, Plaintiff must answer Defendants' Interrogatory Nos. 7 and 8 directly. Moreover, Plaintiff is ORDERED to produce documents in response to Defendants' Request for Production No. 12 **on or before October 29, 2007**. With regard to Request for Production No. 18, the court is not surprised that Plaintiff does not have documentation of his current job search efforts. In lieu of producing documents in response to Request No. 18, Plaintiff is ORDERED to list for Defendants, **on or before October 29, 2007**, each job for which he has applied since his termination from Defendants. Specifically, for each position for which he has applied Plaintiff should list: 1) the job title of the position; 2) the name of business with which he applied, and 3) the approximate date he submitted his application. Plaintiff also is ORDERED to pay Defendants' costs and expenses, including reasonable attorney's fees, incurred in preparing the Motion for Sanctions/Motion to Compel [DE-95]. Accordingly, Defendants are directed to file, **on or before October 29, 2007**, an

affidavit setting forth the fees and expenses incurred in preparing the Motion for Sanctions/Motion to Compel [DE-95]. Additionally, Defendants <u>should demonstrate why such a fee is reasonable for the time and labor expended, the customary fee for like work, and the experience and ability of the attorney(s) rendering such services</u>. Plaintiff may file a response, if he so chooses, addressing only the reasonableness of requested fees and expenses within ten (10) days after Defendants file the affidavit.

3. Plaintiff's "Revised Motion for Summary Judgment" [DE-92] is DENIED without prejudice. Defendants' Motion to Reject [DE-97] is ALLOWED in part, and their Motion to Dismiss [DE-99] is DENIED. The court hereby ORDERS that Defendants may depose Plaintiff. Defendants may schedule and notice a deposition of Plaintiff to take place on or before **November 15, 2007**. The Scheduling Order filed on September 6, 2006, is hereby AMENDED to reflect that the parties may file dispositive motions on or before **December 17, 2007**, and that Defendants may depose Plaintiff on or before **November 15, 2007**. Should either party wish to engage in further discovery, the party must seek leave of this court to do so. The trial in this matter, currently scheduled for the undersigned's November 13, 2007, term of court, hereby is CONTINUED until the term of court commencing on **March 3, 2008**. The Clerk of Court is DIRECTED to reschedule the pretrial conference accordingly.

SO ORDERED.

This the *12* day of October, 2007.

James C. Fox
Senior United States District Judge